DEL SOLE, Judge,
concurring:
I write separately in order to state that although I am not completely satisfied that the criminal informations filed against Appellant were based entirely upon evidence derived wholly independently of an immunity order issued by the Allegheny County Court of Common Pleas, I find Appellant failed to establish this fact in his pretrial motion, therefore, I also would affirm the trial court on this issue.
In 1986, State police in the Cambria County area were engaged in an investigation involving stolen vehicles. The investigation led to the arrest of Appellant Robert Steele, who was charged with receiving stolen vehicles as well as a variety of other motor vehicle offenses. On December 4, 1987, Appellant filed a motion to dismiss the criminal informations filed against him based upon an alleged violation of an existing immunity order. This immunity was granted on December 4,1985, one year before Appellant’s arrest on the instant charges. The immunity was granted by an Allegheny County court in exchange for testimony regarding his *139 involvement in a stolen car ring in the Pittsburgh area. The trial court in the instant case dismissed the motion to dismiss on April 7, 1988. Following a jury trial held in November of 1988, Appellant was convicted of the above charges. Post trial motions were denied and Appellant was sentenced to an aggregate term of 3-11 years. This appeal followed.
Appellant first contended that the trial court erred in denying his pre-trial motion to dismiss the criminal informations, since they were based upon the immunity order granted in Allegheny County. The leading case in the area of use immunity is Kastigar v. U.S., 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), wherein the Supreme Court held that where the defendant has formerly testified under a grant of immunity it is up to the government to show that nothing about its case is derived, either directly or indirectly from the immunized testimony. In the instant case, Appellant at a suppression hearing held February 16, 1988, informed the court that evidence from Appellant’s immunized testimony in Allegheny County was used in the investigation in Cambria County which led to the filing of charges. At the hearing, Appellant’s counsel stated that Trooper Wessel, the investigating state trooper from Cambria County contacted police officials in Pittsburgh concerning Appellant. It was stipulated too that Trooper Wessel had contacted an Allegheny County District Attorney concerning Appellant and that the ADA informed the trooper as to the immunity order and advised him to have no further contact with Pittsburgh officials with respect to Appellant.
Appellants counsel stated at the suppression hearing that once they had alleged Appellant had been granted immunity for certain crimes in Allegheny County, the Commonwealth had the burden of establishing that the Cambria County case was in no manner derived from information gleaned from testimony in the Allegheny County case, but rather was independent of that case. The trial court found the Commonwealth had met this burden and held that Appellant’s convictions for the Cambria County crimes were *140 based entirely upon evidence derived independently of the testimony given by Appellant in Allegheny County. The trial court stated that Trooper Wessel had filed an extensive probable cause affidavit which showed that a thorough time consuming investigation of Appellant’s Cambria County crimes had been made.
On appeal, Appellant contends that the trial court erred in not granting the pre-trial motion to dismiss since there was a great deal of contact between the Cambria County officials and the Allegheny County officials involving Appellant and his immunized testimony. Appellant maintains that testimony established that despite being warned by the Allegheny County District Attorney, Trooper Wessel talked to the Pittsburgh Officials who had read the immunized testimony and that he had read newspaper articles about Appellants immunized testimony. Unfortunately for Appellant Steele, evidence of these facts were contained in the August 18, 1987 transcript of the Cambria County trial of George White, Jr., another participant in the stolen car ring. Nowhere in the record of the instant case it is established that the transcripts of this trial were brought to the attention of the trial judge in the instant case. Accordingly, based on the information available to the trial court, the trial judge held that the Commonwealth had demonstrated that the evidence which led to Appellant’s convictions in Cambria County was derived wholly independently from the immunized testimony of Allegheny County. Since after an exhaustive review of the record in this case I am unable to determine otherwise, I must agree.
Appellant also contends that the trial court erred in admitting certain evidence which tended to show Appellant’s involvement in other crimes. Specifically, Appellant objected to the introduction of a transcript of a conversation taped by the Commonwealth in which the speakers referred to a newspaper article which indicated Appellant had been arrested in Allegheny County and charged with the theft of another vehicle. Appellant objected to the admission of the tape and a redacted version of the article which was intro *141 duced in order to establish Appellant was a participant in the taped conversation. Appellant objected to the admission of the items as being prejudicial evidence of other crimes from which the jury could infer he had committed a similar prior offense to the one for which he was on trial. The Commonwealth argued the introduction was necessary to establish the identity of the caller as Appellant. The majority took the position that the evidence corroborated the testimony of trooper Wessel and thus was relevant to prove identity. In affirming the trial court on this issue, the majority placed great emphasis on the fact that the trial court several times cautioned the jury to use the evidence only for the limited purpose of establishing identity. The majority concluded the probative value of the evidence outweighed its prejudicial effect and held the trial court did not abuse its discretion in admitting the evidence.
It was Appellant’s contention that trial counsel conceded in her opening statement that it was Appellant’s voice on the tape and thus it was unnecessary to introduce the tape and redacted article to prove it was Appellant. However, upon a closer reading of the transcript, I conclude trial counsel did not clearly and unequivocally admit that one of the voices heard in the taped conversation was that of Appellant. See opening statement, November 21, 1988, page 8. Furthermore, when the Commonwealth moved to play the taped conversation at trial, Appellant’s trial counsel never informed the trial court she was willing to concede one of the participants was Appellant. (N.T. 11-21-88 p. 66-68).
Trial counsel did maintain that the identity exception which applies to the prohibition of evidence of other crimes is tied in with the common scheme or plan theory, that the proof of identity goes towards the unique aspect of the crime. See Commonwealth v. Patterson, 484 Pa. 374, 399 A.2d 123 (1979). In his appeal, Appellant argues that the trial court was inconsistent in that the evidence was admitted at trial in order to establish Appellant’s identity, yet in its post-trial opinion the court states the evidence was *142 admitted because of the similarities shared by his prior and present offenses. Appellant goes on to argue that since the record conclusively establishes that the challenged evidence was admitted for the sole purpose of identifying the Appellant, the Commonwealth cannot now argue the evidence should be deemed admissible based upon the similarity of prior and present offenses. However, Appellant is erroneous in his interpretation of the record. The Commonwealth clearly informed the trial court it wished to offer evidence of the tape and newspaper article not only for the purpose of identification but also to show common plan or scheme. (N.T. 11-21-88, p. 66). In his post-trial opinion, the trial judge states this evidence was properly admitted based upon the exception where the prior crime was committed in a manner bearing distinct similarities to the manner in which the current crime occurred. (In both crimes the vehicles were stolen and their VIN numbers altered, only the most commonly used VIN location was altered while others were removed altogether and the confidential VIN numbers were never altered or removed).
Therefore, since I find that Appellant’s trial counsel did not clearly concede Appellant was a participant in the taped conversation and that the trial court cautioned the jury several times on the limited use of the evidence, the trial court did not abuse its discretion in admitting the evidence. Furthermore, the evidence was properly admissible under the common plan or scheme exception. Accordingly, I too would affirm.